UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RONALD C,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) Case No.: 4:17-cv-00144-RLY-DML |
| | ) |
| NANCY A. BERRYHILL, Deputy | ) |
| Commissioner for Operations, Social | ) |
| Security Administration, | ) |
| | ) |
|     Defendant. | ) |

Report and Recommendation on Complaint for Judicial Review

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a report and recommendation as to its appropriate disposition. As addressed below, the Magistrate Judge recommends that the District Judge REVERSE and REMAND the decision of the Deputy Commissioner for Operations of the Social Security Administration ("Commissioner") that plaintiff Ronald C. is not disabled.

---

[1] To protect privacy interests of claimants for Social Security benefits and consistent with a recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has chosen to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions. The plaintiff will therefore be referred to by his first name in this Report and Recommendation.

## Introduction

Plaintiff Ronald C. applied in June 2014 for Disability Insurance Benefits under Title II of the Social Security Act, alleging he has been disabled since May 1, 2014. Acting for the Commissioner of the Social Security Administration following a hearing on August 20, 2016, administrative law judge Peter J. Boylan issued a decision on August 31, 2016, that Ronald is not disabled. The Appeals Council denied review of the ALJ's decision on June 20, 2017, rendering the ALJ's decision for the Commissioner final. Ronald timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

Ronald asserts that the Commissioner's decision must be reversed and remanded because the ALJ erred in his evaluation of (1) certain spirometry tests in applying the step three listing analysis and (2) a medical opinion.

The court will first describe the legal framework for analyzing disability claims and the court's standard of review, and then address Ronald's specific assertions of error.

## Standard for Proving Disability

To prove disability, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Ronald is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age,

education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for a listed impairment, then the claimant is presumptively disabled and qualifies for benefits. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the

fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his vocational profile (age, work experience, and education) and RFC; if so, then he is not disabled.

The claimant bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given his vocational profile and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

## Standard for Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the

conclusions he made, and he must trace the path of his reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

### I.   The ALJ's Sequential Findings

Ronald was born in 1967, was 46 years old as of his alleged disability onset date in May 2014, and was 49 years old at the time of the ALJ's decision. His work experience includes about 15 years as a machinist in manufacturing plants.

At step one, the ALJ found Ronald had not engaged in substantial gainful activity since his alleged onset date. At steps two and three, the ALJ identified certain severe impairments (chronic obstructive pulmonary disease, asthma, obstructive sleep apnea, and pulmonary insufficiency), but found that no listing was met or medically equaled.

The ALJ next determined Ronald's residual functional capacity (RFC) for purposes of conducting the required analysis at steps four and five. He restricted Ronald to sedentary work as defined at 20 C.F.R. § 404.1567(a), with certain postural, climbing, and environmental restrictions. He forbade "even moderate exposure to extreme heat, extreme cold and humidity" and forbade "all exposure to fumes, odors, dusts, gases and poor ventilation." He also added restrictions because of Ronald's non-severe mental impairments.

The ALJ found Ronald cannot perform his past relevant work as a machinist because its demands exceed his functioning. The ALJ then concluded, based on the

testimony of a vocational expert, that Ronald is capable of the following work existing in (significant) numbers in the economy: Addresser, Document Specialist, and Lens Inserter.[2] Accordingly, he found at step five that Ronald was not disabled.

## II.    Ronald's Assertions of Error

Ronald raises two alleged errors. He argues that the ALJ's step three analysis is flawed because he unreasonably rejected the results of certain spirometry tests, the results of which satisfy the requirements of a listing. He also argues that the ALJ failed properly to evaluate the opinion of his treating physician. The court will address these matters in turn below.

### A. The ALJ's decision to reject the spirometry test results is not supported by substantial evidence and requires remand.

As the ALJ recognized, Ronald's severe medical impairments primarily involve his lung functioning—he has COPD, asthma, obstructive sleep apnea, and pulmonary insufficiency. The record includes spirometry testing, "which measures how well [a person] move[s] air into and out of [his] lungs." *See* Listing 3.00E (discussing general principles applicable to evaluation of respiratory disorders). There is evidence of spirometry testing in August 2014, April 2016, and July 2016. The ALJ found that the results from the testing conducted in April and July 2016 "meet the thresholds of listing 3.02," but he rejected those tests as "unacceptable"

---

[2] The availability of these jobs, according to the VE, is very low—only 15 jobs as a lens inserter, 90 jobs as a document specialist, and 52 jobs as an addresser. Ronald has not asserted that because of the low numbers, the Commissioner did not meet her burden of proof at step five.

because "the record does not indicate that the claimant received treatment with a bronchodilator as required by this section of the listings." (R. 14).

It is true that the listing explains that when a certain spirometry test value is consistent with a value required by the listing (*e.g.,* less than 70 percent of predicted normal value), the Agency requires a "repeat spirometry after inhalation of a bronchodilator to evaluate your respiratory disorder under these listings, unless it is contraindicated." *See* listing 3.00(E)(2)(b). But, as the ALJ recognized himself, the testing documentation does not indicate one way or the other whether a bronchodilator was used and the test then repeated. (*See* R. 490, 495). It does show repeated tests, however. It does not reveal whether, *if* a bronchodilator was not used, there was any medical reason it was not.

The court agrees with Ronald that the ALJ erred in assuming that the 2016 spirometry testing was not conducted in a manner acceptable under the respiratory disorders listings and then rejecting the tests on that basis. It would have been as reasonable, or even more reasonable, for the ALJ to assume—in the absence of any indication in the record one way or the other—that the testing conformed to medical standards reflected by the listings than to conclude that it did not. Moreover, the ALJ could have inquired of the testing facility about its testing procedures to find out whether a bronchodilator was used and if not, why not. The ALJ also could have ordered new spirometry testing.

The acceptability of the 2016 spirometry tests was critical, and essentially outcome determinative, to the ALJ's evaluation of whether Ronald was

presumptively disabled. Because the ALJ rejected the tests without a sound basis for doing so, the court must reverse and remand on this basis alone.

### B. The ALJ sufficiently evaluated the treating doctor's opinion.

Ronald also argues that the ALJ did not properly evaluate the treating doctor's opinion (that of Dr. Wilson, Ronald's pulmonologist), but his argument is both perfunctory and ignores the ALJ's analysis. The ALJ's analysis of the doctor's opinion was not—as Ronald contends—limited to an observation that "the record generally comports with Dr. Wilson's assessment, [but] does not entirely support it." *See* Dkt. 16 at p.3. The ALJ provided a much more robust explanation of the evidentiary bases for his ultimate conclusion that Dr. Wilson's assessment is not entirely supported by the record. Ronald has not shown that the ALJ's evaluation of Dr. Wilson's opinion lacks substantial evidentiary support.

### Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Judge REVERSE AND REMAND the Commissioner's decision under sentence four of 42 U.S.C. § 405(g).

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: August 20, 2018

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana